## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

**UNITED STATES OF AMERICA**

**VS.**

NO. 5: 06-CR-45 (WDO)

**DARRELL JORDAN,**

Violations: **Drug Related**

**Defendant**

## ORDER OF DETENTION PENDING TRIAL

**In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Doye Green, Jr. of the Macon Bar; the United States was represented by Assistant U. S. Attorney Jennifer Kolman. Based upon the evidence proffered to the court by counsel for the parties and the contents of the Pretrial Service Report dated November 20, 2007, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case.**

### PART I - FINDINGS OF FACT

☒**(1) There is PROBABLE CAUSE to believe that the defendant has committed an offense**

  ☒ **for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.**

  ☐ **under 18 U.S.C. §924(c).**

☒ **(2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.**

#### ALTERNATIVE FINDINGS

☒ **(1) There is a serious risk that the defendant will not appear.**

☒ **(2) There is a serious risk that the defendant will endanger the safety of another person or the community.**

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

**Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated November 20, 2007, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure future appearance of the defendant or the safety of the community were he to be released from custody at this time. The offense charged against defendant JORDAN is a serious one for which long-term imprisonment may be imposed in the event of a conviction after trial or a plea of guilty; his estimated guideline sentencing range is 78 to 97 months in prison. The weight of evidence is strong with a cooperating witness arranging drug purchases with the defendant.**

Defendant JORDAN has a record of arrests and convictions going back to 1999. He has felony convictions for POSSESSION WITH INTENT TO DISTRIBUTE MARIJUANA, 2000, Greenville Sessions Court, Greenville, South Carolina and CONSPIRACY TO COMMIT OFFENSE OR DEFRAUD THE UNITED STATES, 2003, U.S. District Court, District of South Carolina. On this latter conviction, defendant JORDAN was placed on supervised release for a period of three years, and jurisdiction was transferred to the Northern District of Georgia in November of 2003. The charges set forth in the indictment herein are alleged to have occurred while he was on supervised release, and the U. S. Probation Office in the Northern District indicates that it will pursue revocation based upon a new felony charge of TRAFFICKING IN COCAINE, ILLEGAL DRUGS, MARIJUANA OR METHAMPHETAMINE filed in September of 2007. A detainer has been filed with the DeKalb County Jail where defendant JORDAN has been held on a $100,000 bond; he has failed to satisfy this bond and is before this court on a writ from DeKalb County. According to the Pretrial Services Report, defendant JORDAN absconded from supervision in both the General Sessions Court case and in the federal case.

For the foregoing reasons, and because defendant JORDAN has exhibited a propensity to involve himself in illegal activity over a 8 year period of time, pretrial detention is mandated and is SO ORDERED AND DIRECTED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant JORDAN shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility JORDAN deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 21st day of NOVEMBER, 2007.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE